UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ERIC D. B., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-04121-SLD-RLH |
| FRANK J. BISIGNANO, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

ORDER

Before the Court are Plaintiff Eric D. B.'s Opening Brief, ECF No. 5; Defendant Commissioner of Social Security's ("the Commissioner") Motion for Summary Affirmance, ECF No. 9; Eric's Reply, ECF No. 10; Magistrate Judge Ronald L. Hanna's Report and Recommendation ("R&R"), ECF No. 11, recommending that the Court deny Eric's request to reverse and remand the Commissioner's unfavorable decision; Eric's objection to the R&R, ECF No. 12; and the Commissioner's response to Eric's objection to the R&R, ECF No 13.  For the reasons that follow, the objection is OVERRULED, the R&R is ADOPTED, and the Motion for Summary Affirmance is GRANTED.

BACKGROUND[1]

I.    **Procedural Background**

On July 27, 2020, Eric filed an application for supplemental security income ("SSI") benefits, alleging disability beginning March 3, 2004.  His claims were denied initially and upon reconsideration.  Eric then requested a hearing, which took place via online video before an

---

[1] Judge Hanna's R&R provides a detailed summary of the background of this case and the ALJ's decision.  *See* R&R 1–5.  The administrative record can be found at ECF No. 4.  Citations to the record take the form: R. __.

administrative law judge ("ALJ") on September 11, 2023. At the hearing, the ALJ heard testimony from Eric, Eric's mother, and an impartial vocational expert. There was no medical expert testimony at the hearing, but the ALJ references certain medical source statements in his decision. The ALJ issued a decision denying Eric's claims for SSI benefits on October 30, 2023. The Appeals Council denied his request for review on May 23, 2024, making the ALJ's October 30, 2023 decision the final decision of the Commissioner. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Eric timely filed this suit, seeking judicial review pursuant to 42 U.S.C. § 1383(c)(3), *see* Compl., ECF No. 1. Eric filed his Opening Brief on October 10, 2024, the Commissioner filed a Motion for Summary Affirmance on December 12, 2024, and Eric filed a Reply on December 24, 2024. The matter was referred to Judge Hanna for a recommended disposition, and he entered an R&R on July 21, 2025. Eric filed an objection on August 4, 2025, and the Commissioner responded to Eric's objection on August 18, 2025.

**II.     ALJ Decision**

The ALJ conducted the standard five-step sequential analysis set forth in 20 C.F.R. § 416.920(a)(4) and concluded that Eric was not disabled during the relevant period. R. 15–17. At step one, he found that Eric had not engaged in substantial gainful activity since July 27, 2020, the application date. R. 17. At step two, he found that Eric had the following severe impairments: seizure disorder, Tourette's syndrome, obesity, learning disorder, neurodevelopmental disorder, and attention deficit hyperactivity disorder. R. 17. At step three, the ALJ found that the severity of Eric's physical and mental impairments, considered singly and in combination, did not meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17–18. Next, he found that Eric had the residual functional

capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), with the following non-exertional limitations:

> He should avoid climbing ladders, ropes or scaffolds. He should avoid concentrated exposure to vibration, and he should avoid hazards like unprotected heights and dangerous machinery. He can understand and remember simple instructions and due to deficits in memory, concentration, persistence and pace, he is reasonably limited to performing simple and routine tasks on a sustained basis with only routine breaks. Any work should involve no more than occasional interaction or contact with the general public and any work should not require more than occasional interaction with coworkers or supervisors. Any work should involve no more than ordinary or routine changes in work setting or duties.

R. 19. At step four, the ALJ found that "[t]ransferability of job skills is not an issue because the claimant does not have past relevant work." R. 26. At step five, the ALJ found that, considering Eric's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could perform. R. 26. Accordingly, the ALJ found that Eric was not disabled. R. 27.

## DISCUSSION

### I.   Legal Standards

When a matter dispositive of a party's claim or defense is referred to a magistrate judge, the magistrate judge will "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). A party may file written objections to the R&R within fourteen days of its service. *Id*. 72(b)(2). The district judge will then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. 72(b)(3). Any unobjected portions will be reviewed for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In cases where an ALJ has denied social security benefits to the plaintiff, the court "will uphold [the] ALJ's decision as long as the ALJ applied the correct legal standard, and substantial evidence supports the decision." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004).

3

"Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation marks omitted). The court will not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the Commissioner. *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). While the "ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, [he] must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted).

**II.     Analysis**

Eric argues that the ALJ erred by first, failing to properly explain how Eric's seizure disorder was incorporated into his RFC, and second, failing to properly evaluate the opinion of Eric's examining provider, Dr. Richard Zaloudek. Opening Br. 1, 9–18. The Commissioner contends that (1) the ALJ reasonably considered Eric's seizure disorder, and (2) the ALJ reasonably considered Dr. Zaloudek's findings and came to an ultimate conclusion that was consistent with those findings. Mot. Summ. Affirmance 5–10. Judge Hanna recommends finding that the ALJ properly incorporated Eric's seizure disorder into the RFC and that the ALJ properly evaluated Dr. Zaloudek's opinion. R&R 9–16. Eric objects only to the latter finding: He argues that "[t]he ALJ neglected to explain how [Dr. Zaloudek's] opinion, which found Plaintiff would be limited to work that does not require any interaction with the general public, is compatible with the RFC determination, which allows for occasional interaction." Obj. 2 (citation omitted). In Eric's view, "[t]he ALJ committed legal error in failing to explain the divergence from this favorably weighed opinion, and that failure warrants remand." *Id*. (citing *Kathy C.-N. v. Kijakazi*, No. 21-cv-2324, 2022 WL 3925716, at *3 (N.D. Ill. Aug. 31, 2022)). He further argues that, though Judge Hanna found that the ALJ had properly evaluated the

4

supportability and consistency of Dr. Zaloudek's opinion, that "does not absolve the ALJ of resolving conflicting evidence with the RFC determination." *Id.* at 2–3.  Because Eric objects to the R&R's conclusion regarding the ALJ's evaluation of Dr. Zaloudek's opinion, the Court reviews that issue de novo.  The Court reviewed the remainder of the R&R for clear error only and found none.

A claimant's RFC is the maximum work he can perform despite any physical and mental limitations.  20 C.F.R. § 416.945(a)(1).  An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, physician findings and opinions, reports of daily activities, and the effects of symptoms and treatment, *id.* § 416.945(a)(3), but the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," *id.* § 416.920c(a).  "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Angelica R. v. Kijakazi*, No. 3:21-cv-50369, 2023 WL 1971647, at *2 (N.D. Ill. Jan. 6, 2023) (quotation marks omitted), *R&R adopted*, No. 21 C 50369, 2023 WL 1970092 (N.D. Ill. Feb. 13, 2023).  The ALJ is "not required to articulate how [h]e considered each medical opinion or prior administrative medical finding from one medical source individually," 20 C.F.R. § 416.920c(b)(1), but he must "explain how [h]e considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" because supportability and consistency are the two "most important factors," *id.* § 416.920c(b)(2).  "Essentially, an ALJ's RFC analysis must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Jarnutowski*, 48 F.4th at 774 (quotation marks omitted).

5

Eric argues that "the ALJ failed to consider Dr. Zaloudek's opinion in its entirety" and points to "two specific limitations [from Dr. Zaloudek's opinion] that either directly contradicted or did not specifically align with the ALJ's RFC." Opening Br. 16. First, Dr. Zaloudek wrote, "[Eric] is capable of performing one and two-step tasks." R. 107. And second, he wrote, "[Eric] has difficulty in interacting appropriately with the general public and tend to be socially awkward, so limit work tasks that do not require interaction with the general public." *Id.* While the ALJ did not limit Eric to one and two-step tasks in the RFC, Eric appears to concede that the ALJ adequately addressed why he did not follow that part of Dr. Zaloudek's opinion. Opening Br. 16;[2] Obj. 2 ("The ALJ then provided some explanation as to why the 'one and two-step tasks' opinion was rejected."); *see also* R. 25–26 ("[T]he state agency narrative refers to the capacity to perform 'one and two-step tasks' without explanation . . . and the record does not support a finding that the claimant is incapable of performing more than two-step tasks if the terms are defined narrowly.").

As for the second limitation, Eric asserts that the ALJ "determined that any work should involve no more than occasional interaction or contact with the general public" whereas "Dr. Zaloudek's opinion suggests that [Eric]'s work tasks should require *no interaction* with the general public." Opening Br. 16 (citations and footnote omitted). Eric relies heavily on one clause in one sentence from the narrative section of Dr. Zaloudek's Mental Residual Functional Capacity Assessment ("MRFC"): "Claimant has difficulty in interacting appropriately with the general public and tend to be socially awkward, *so limit work tasks that do not require interaction with the general public*." R. 107 (emphasis added); *see also* R. 82 (containing the

---

[2] In his Opening Brief, Eric argued that the ALJ's reasoning for discounting the one- and two-step task limitation was improper, Opening Br. 17–18, but he does not re-raise these arguments in his objection.

6

verbatim sentence in the initial MRFC conducted by a different physician, Dr. Howard Tin, on March 4, 2021).

In the Court's analysis, there are three possible interpretations of this clause. The literal reading of that clause would mean: Eric should interact with the general public *often* and his tasks that are isolated—that is, the tasks that "do not require interaction with the general public"—should be limited. This interpretation is at odds, though, with the first clause of that sentence; it would be illogical to say that Eric has difficulty interacting with the general public so he should work with the general public often. A second possibility is that the word "to" should be inserted between "limit" and "work" meaning that Eric should be limited *to* work tasks that require no interaction with the public. This is the interpretation Eric appears to espouse.[3] But this interpretation is at odds with Dr. Zaloudek's other findings that Eric is: "moderately limited" in his "ability to interact appropriately with the general public," not limited in his "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," and "not significantly limited" in his "ability to maintain socially appropriate behavior." R. 105 (capitalization altered). "A 'moderate limitation' is defined by regulation to mean that functioning in that area is 'fair.'" *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (quoting 20 C.F.R. Part 404, Subpart P, App. 1). It would make no sense for Dr. Zaloudek to simultaneously opine that Eric's ability to interact with the public is fair and that Eric should not interact with the public at all.

This leaves a third possible interpretation: Dr. Zaloudek did not intend to include the words "do not," meaning that Eric would need to "limit work tasks that . . . require interaction with the general public." That the ALJ included in Eric's RFC that "[a]ny work should involve

---

[3] Judge Hanna appears to agree with Eric's interpretation. *See* R&R 14 ("Dr. Zaloudek opined that Claimant should engage in no interaction with the general public . . . .").

no more than occasional interaction or contact with the general public and any work should not require more than occasional interaction with coworkers or supervisors," R. 19, and that he found persuasive Dr. Zaloudek's assessment that Eric had "moderate functional limitations in all of the areas of the 'B' criteria," R. 25—including interaction with others, R. 97–98—suggests that this is how the ALJ interpreted Dr. Zaloudek's statement. The Court will not fault the ALJ for not specifically addressing the vagueness of and probable typographical error in the statement. *Cf. Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999) ("When a claimant argues that there are fatal gaps or contradictions in the administrative law judge's opinion . . . we give the opinion a commonsensical reading rather than nitpicking at it." (citations omitted)).

Judge Hanna found that "the ALJ applied the appropriate factors and properly evaluated Dr. Zaloudek's opinion" and "reasonably concluded that limiting [Eric] to 'occasional' interaction was sufficient in light of the overall record." R&R 13–14. The Court agrees. Because the ALJ applied the correct legal standard and substantial evidence in the record supports his decision, *see Barnett*, 381 F.3d at 668, reversal and remand are not warranted.

## CONCLUSION

Accordingly, Plaintiff Eric D. B.'s objection to the R&R, ECF No. 12, is OVERRULED, and Magistrate Judge Ronald L. Hanna's Report and Recommendation, ECF No. 11, is ADOPTED. Defendant Commissioner of Social Security's ("the Commissioner") Motion for Summary Affirmance, ECF No. 9, is GRANTED. The Commissioner's decision in this matter is AFFIRMED. The Clerk is directed to enter judgment and close the case.

Entered this 18th day of September, 2025.

s/ Sara Darrow  
SARA DARROW  
CHIEF UNITED STATES DISTRICT JUDGE